IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| v. | § | No. 4:24-MJ-680 |
| JUAN ANGEL RENDON (01) | § | |

## CRIMINAL COMPLAINT

I, Special Agent Benjamin Adams, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**Alleged Offense**:

On or about August 27, 2024, in the Fort Worth Division of the Northern District of Texas, the defendant, **Juan Angel Rendon**, did knowingly and unlawfully possess a machinegun, in violation of 18 U.S.C. § 922(o) and 924(a)(2).

**Probable Cause:**

1. I, Benjamin Adams, Affiant, state that I am employed as special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), United States Department of Justice. I have been so employed since March of 2023, and I am currently assigned to the Fort Worth, Texas Field Office. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center at Glynco, Georgia, and Special Agent Basic Training at the ATF National Academy. Prior to being employed by the ATF, I was a duly sworn police officer for 7 years, and I possess both federal and local law enforcement experience. The statements set forth in

Criminal Complaint – Page 1

this affidavit are the product of my personal observations, training, and experience, as well as information obtained from other law enforcement officers and witnesses through statements and reports. Moreover, the facts presented are true and correct to the best of my knowledge and belief but are not inclusive of all the evidence or information involved with this case.

2. On August 27, 2024, **Juan Angel Rendon** met with an ATF Undercover agent in the area of XXXX Bonanza Drive, Haltom City, Texas, a mobile home neighborhood, located in the Northern District of Texas. During the meeting, **Rendon** provided the undercover with 1 (one) Glock model 17, 9mm caliber pistol, serial number BRAP027 with an installed Machinegun Conversion Device (MCD), in exchange for $900.00 in U.S. currency.

3. During the controlled purchase, **Rendon** displayed working knowledge of the MCD and explained to the UC how to adjust the Glock switch-style MCDs so the device would function properly as a machinegun.

4. On August 30, 2024, Firearms Specialist Reloza, from the ATF Firearms & Ammunition Technology Division, provided a preliminary analysis of the Glock pistol with attached MCD that **Rendon** sold to the undercover on August 27, 2024. Firearms Specialist Reloza determined the Glock model 17, 9mm caliber pistol, bearing serial number BRAP027, with attached machine gun conversion device constitutes a "Machinegun" as defined in 26 U.S.C. § 5845(b), and 18 U.S.C. § 921(a)(24).

5. On September 3, 2024, the ATF National Firearms Act Branch informed Affiant that **Rendon** does not have any firearms registered to him in the National Firearms Registration and Transfer Record. Therefore, **Rendon's** possession of the Glock model 17, 9mm caliber pistol, bearing serial number BRAP027, was unlawful.

6. Based upon the above facts and circumstances, I submit there is probable cause to believe that **Juan Angel Rendon**, did knowingly and unlawfully possess a machinegun, in violation of 18 U.S.C. §§ 922(o).

_____
Benjamin Adams, Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to me at __1:43__ a.m./p.m. in Fort Worth, Texas, on this __4th__ day of __September__, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE